UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **PERPOSE OSARO ONAGHISE,**<br><br>Plaintiff,<br><br>v.<br><br>**U.S. DEPARTMENT OF HOMELAND SECURITY,** *et al.*,<br><br>Defendants. | Case No. 1:20-cv-01048(TNM) |

## MEMORANDUM ORDER

Plaintiff Perpose Osaro Onaghise seeks reversal of a decision denying his request for classification as an "alien with extraordinary ability." Defendants move to transfer this case to the Northern District of Texas. For the following reasons, the Court will grant the motion.

### I.

Onaghise resides in Nigeria. Am. Compl. ¶ 9, ECF No. 8. He filed a Form I-140 Immigrant Petition for Alien Worker ("I-140 petition") requesting classification as an "alien with extraordinary ability." *Id.* ¶ 14. After issuing a "Request for Evidence," the United States Citizenship and Immigration Services ("USCIS") denied Onaghise's I-140 petition. *Id.* ¶ 20.

He then sued in this District to challenge the denial of his I-140 petition under the Administrative Procedure Act, the Mandamus Act, and the Declaratory Judgment Act. *Id.* ¶ 1. He seeks an order setting aside that decision and approving the I-140 petition. *Id.* ¶¶ 1–2. Defendants are the Department of Homeland Security ("DHS") and several government officials sued in their official capacity: Chad Wolf, the Acting Secretary of DHS; Kenneth Cuccinelli,[1]

---

[1] Cuccinelli's predecessor, Mark Koumans, was originally named as a Defendant but he is automatically substituted under Federal Rule of Civil Procedure Rule 25(d).

the Acting Director of the USCIS; and Gregory Richardson, the Director of the USCIS Texas Service Center (collectively, "the Government"). *See id.* ¶¶ 10–13.

The Government now moves to transfer this case to the Northern District of Texas.

## II.

The transfer statute, 28 U.S.C. § 1404(a), allows a district court to "transfer any civil action to any other district or division where it might have been brought." In considering a motion to transfer, courts undertake a two-step process. First, the court determines whether venue is proper in the transferee court—the district where the case "might have been brought." 28 U.S.C. § 1404(a). If it is, the court then weighs "a number of case-specific factors" to decide whether a transfer is warranted. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). And the burden is on the party seeking a transfer. *Aftab v. Gonzalez*, 597 F. Supp. 2d 76, 79 (D.D.C. 2009).

## III.

"Cases challenging the actions of local USCIS offices are frequently, and appropriately, transferred to the venue encompassing those local offices." *Bourdon v. Dep't of Homeland Sec.*, 235 F. Supp. 3d 298, 305 (D.D.C. 2017) (collecting cases). This is such a case. Both parties are better situated to litigate this action in the Northern District of Texas, where the events occurred.

### A.

For starters, the Northern District of Texas can adjudicate this dispute. When a federal agency or official is the defendant, venue is proper in any judicial district in which "a defendant in the action resides" or where "a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(e)(1). These are independent bases for venue. And they both apply here. Defendant Gregory Richardson, the Director of the USCIS Texas Service Center, resides in the Northern District of Texas. *See* Am. Compl. ¶ 13. Onaghise's claims also

arise in there because that is where his "I-140 petition was and is being adjudicated." Defs.' Reply in Supp. of Mot. to Transfer Venue ("Defs.' Reply") at 6, ECF No. 16.[2]

Onaghise does not address whether this case can proceed in the Northern District of Texas. He argues only that venue is proper here. *See* Pl.'s Resp. in Opp'n to Defs.' Mot. to Transfer Venue ("Pl.'s Opp'n") at 5–6, ECF No. 14. But the transfer statute "does not condition transfer on the initial forum's being 'wrong.'" *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 59 (2013). So venue here does not preclude the Court from transferring this case if the transferee court also has venue. And it does.

### B.

The next step is to consider whether private and public interest factors favor transfer. They do.

Courts generally consider the following private interest factors: "(1) the plaintiff's choice of forum; (2) the defendant's choice of forum; (3) whether the claim arose elsewhere; (4) the convenience of the parties; (5) the convenience of the witnesses; and (6) the ease of access to the source of proof." *Douglas v. Chariots for Hire*, 918 F. Supp. 2d 24, 31 (D.D.C. 2013).

Turning to the first factor, Onaghise correctly notes that, in general, courts defer to the plaintiff's choice of forum. *See* Pl.'s Opp'n at 6. But there is a caveat. "[I]f a plaintiff is not a resident of the forum and most of the relevant events occurred elsewhere, this deference is weakened." *Aftab*, 597 F. Supp. 2d at 80 (cleaned up). The caveat applies here.

Onaghise resides in Nigeria. Am. Compl. ¶ 9. And he does not claim that any of the events occurred here. Indeed, he acknowledges that his I-140 petition "was processed and

---

[2] All page citations refer to the page numbers that the CM/ECF system generates.

denied by the Texas Service Center." Pl.'s Opp'n at 7. Thus, his forum selection is not entitled to the normal deference.

A defendant's choice of forum is "not ordinarily entitled to deference." *Aishat v. Dep't of Homeland Sec.*, 288 F. Supp. 3d 261, 269 (D.D.C. 2018). But it is still a factor courts consider. So it favors a transfer to the extent that it carries any weight.

The third factor—whether the claim arose elsewhere—supports a transfer. The Government correctly notes that "all alleged actions and failures to act occurred or should occur in the Texas Service Center." *See* Defs.' Mem. in Supp. of Mot. to Transfer Venue ("Defs.' Mem.") at 8, ECF No. 13-1. And "the relief sought is an order applicable to government officials in Texas." *Id.* Onaghise offers no suggestion that *any* action involving his I-140 petition took place in this District. *See* Am. Compl. Nor is there any claim that the D.C.-based officials specifically acted, or failed to act, on his I-140 petition.

Onaghise's only suggested connection to this District is that the decision to deny the I-140 petition was made "at the direct supervision and control of the heads of the agencies who reside in the District" because the "policies and guidelines followed by the local office were created and executed in the District." Pl.'s Opp'n at 7–8. But this smacks of the "manufactur[ed] venue" courts in this District must guard against. *Cameron v. Thornburgh*, 983 F.2d 253, 256 (D.C. Cir. 1993). That is because "[b]y naming high government officials as defendants, a plaintiff could bring a suit here that properly should be pursued elsewhere." *Id.* Onaghise does not challenge the immigration policies, or any action taken by the agency heads here. His dispute is with *implementation* of those policies, which he agrees took place in Texas. Pl.'s Opp'n at 7. The Northern District of Texas is the more appropriate forum. *Accord Huskey v. Quinlan*, 785 F. Supp. 4, 7 (D.D.C. 1992).

Onaghise claims that the remaining factors are "of limited value" because this case will not require witnesses and the evidence will consist of the administrative record. Pl.'s Opp'n at 9 (cleaned up). Perhaps. But the records are stored and will be produced at the Texas Service Center, not here. *See* Defs.' Reply at 9. The transfer also will not inconvenience either party. It would be a closer question if Onaghise's attorneys were D.C.-based. But they are not. They reside in Texas so the transfer will certainly not inconvenience them. Am. Compl. at 25–26. And Texas-based government attorneys can represent the Government just as ably as D.C.-based attorneys. These remaining factors support a transfer.

Onaghise tries to distinguish the decisions from this District transferring similar cases to other venues. He argues that in those cases the "plaintiffs had substantial contacts with the transferee forum due to being domiciled in those fora." Pl.'s Opp'n at 8. To be sure, his status as an alien abroad eliminates one natural venue—the plaintiff's home district. But plaintiffs' contacts with the transferee forum was not dispositive in any of those cases. Rather, the crux was the lack of any connection with this District and the events occurring elsewhere. *See, e.g.*, *Aftab*, 597 F. Supp. 2d at 80 (transferring because "the claim involves identifiable relevant events occurring in the transferee district and virtually none in this district"). The Court finds no reason to depart from those decisions here.

Courts also consider public interest factors such as "1) the transferee's familiarity with the governing laws; 2) the relative congestion of each court; and 3) the local interest in deciding local controversies at home." *Aftab*, 597 F. Supp. 2d at 83.

The first factor is neutral because federal courts are equally familiar with federal law. *Accord Chauhan v. Napolitano*, 746 F. Supp. 2d 99, 105 (D.D.C. 2010).

The parties rely on different evidence of court congestion, the second factor. The Government cites the lower median time from filing to trial in the Northern District of Texas. *See* Defs.' Mem. at 11. And Onaghise claims this factor is neutral because there are more pending cases and twice as many civil cases filed in the Northern District of Texas. Pl.'s Opp'n at 10. The median time to resolution is more reliable to assess court congestion. *Accord Aftab*, 597 F. Supp. 2d at 83; *Chauhan*, 746 F. Supp. 2d at 105. So this factor slightly favors a transfer.

As for the final factor, "[t]here is a local interest in having localized controversies decided at home." *Adams v. Bell*, 711 F.2d 161, 167 (D.C. Cir. 1983). And this extends to "federal decisions that impact the local environment, and to controversies requiring judicial review of an administrative decision." *Sierra Club v. Flowers*, 276 F. Supp. 2d 62, 70 (D.D.C. 2003). Indeed, "the district in which the relevant USCIS Field Office is located is better positioned to be involved in dictating the priorities of a local USCIS office and may have a superior interest in doing so." *Chauhan*, 746 F. Supp. 2d at 105 (cleaned up).

Onaghise seeks judicial review of the denial of his I-140 petition and an order compelling that it be approved. Am. Compl. ¶¶ 1–2. These underlying actions have occurred, or will occur, at the Texas Service Center. *See* Pl.'s Opp'n at 7; Defs.' Mem. at 8. Since the case turns on the actions of the local USCIS office, this factor supports a transfer.

## IV.

For all these reasons, the case will be transferred. It is hereby **ORDERED** that the Clerk of Court shall transfer this matter to the United States District Court for the Northern District of Texas. It is **FURTHER ORDERED** that the Clerk of Court close this case.

**SO ORDERED.**

Dated: September 22, 2020                                    TREVOR N. McFADDEN, U.S.D.J.